# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1568 | **DATE** | 3/24/2003 |
| **CASE TITLE** | David H. Sitrick vs. Freehand Systems, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to transfer venue to the Northern District of California with respect to Plaintiff's action against defendant is denied pursuant to 18 U.S.C. Section 1404(a).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 27 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 28 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| TBK | courtroom deputy's initials | 8 :0 MA 72 RAM 50 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

DAVID H. SITRICK )
)
) No. 02 C 1568
Plaintiff, )
)
) Judge Ronald A. Guzman
)
v. )
)
)
FREEHAND SYSTEMS, INC. )
a California Corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Freehand Systems, Inc. motion to transfer this lawsuit pursuant to

28 U.S.C. § 1404(a). For the reasons set forth below, this motion is denied.

## BACKGROUND FACTS

Plaintiff David Sitrick is an Illinois resident and holds patents for two inventions relating

to transposing, communicating and displaying musical compositions under U.S. Patent No.

5,728,960 (hereinafter "the '960 patent") and U.S. Patent No. 6,084,168 (hereinafter "the '168

patent") (Compl. P 1). Defendant FreeHand Systems, Inc. ("FreeHand") is a corporation

organized and existing under the laws of the state of Nevada, with its principal place of business

1



in Los Altos, California. (Ans. P 2).

On March 4, 2002, Sitrick filed the instant patent infringement suit in this Court, alleging that FreeHand had infringed its '960 and '168 patents (Compl. P 1). On June 6, 2002 FreeHand filed a motion to dismiss the suit for lack of personal jurisdiction pursuant to FED. R. Civ. P.12(b)(6). That motion was denied on Oct. 29, 2002. Fourteen days later, FreeHand filed this motion to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of California. For the reasons set forth below Freehand's motion to transfer venue is denied.

## DISCUSSION

A motion to transfer is governed by 28 U.S.C. § 1404(a). Under 1404(a), a federal district court may "for the convenience of the parties and witnesses and in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A section 1404(a) transfer is appropriate only where "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Because determining whether transfer is appropriate "involves a large degree of subtlety and latitude," and is made on a case-by-case basis, it is therefore "committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219; *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000).

To aid the trial judge in determining the final element of the 1404(a) analysis, the party seeking to transfer venue "has the burden of establishing, by reference to particular

2

circumstances, that the transfer forum is clearly more convenient" than the transferor court. *Coffey*, 796 F.2d at 219-20. In making a transfer determination, the court must consider both the private interest of the parties and the public interests of the Court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Factors for the court to consider in assessing private interests include: (1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4) the convenience of the parties and (5) the convenience of the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 960. Public interest factors or interests of justice "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *VonHoldt v. Husky Injecting Molding System Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). These interests of justice "may be determinative in a particular case, even if the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220.

Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b), which provides: "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. FreeHand, the defendant in this case, resides in the Northern District of California. Because venue is proper in both this district, and under 28 U.S.C. § 1400(b), in the Northern District of California, the only issues that remain to be decided pertain to the convenience of the parties and witnesses, as well as the interests of justice.

## A. Private Factors

### i. Plaintiff's Choice of Forum and Site of Material Events

Generally, a plaintiff's choice of forum is given substantial weight, particularly when the plaintiff resides in the chosen forum. *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F. Supp. 184, 186 (N.D. Ill. 1997); *United Air Lines*, 8 F. Supp. 2d at 798; *Amoco Oil*, 90 F. Supp. 2d at 960; *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982). Sitrick is a resident of the state of Illinois and has designed and produced his patented products in Illinois. As a result, FreeHand "bears a heavy burden to show that the inconvenience of the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of Illinois courts." *Sky Valley Ltd. v. ATX Sky Valley Ltd.*, 776 F. Supp. 1271, 1276 (N.D. Ill. 1991) (citing *Bodine's Inc. v. Sunny-O, Inc.*, 494 F. Supp. 1279, 1285 (N.D. Ill. 1980)). As Sitrick is an individual residing in this district, FreeHand must carry the heavy burden of showing that transfer is warranted. It is not enough that the transfer merely shifts the burden from one party to the other; the transferee forum must be clearly more appropriate than the transferor forum. *Continental Illinois National Bank and Trust Co. of Chicago v. Stanley*, 585 F. Supp. 610, 612 (N.D. Ill. 1984).

FreeHand argues that the plaintiff's choice of forum should be given less weight than it is normally entitled to because it lacks a significant connection between this district and Sitrick's infringement claim. The plaintiff's choice of forum is only afforded less deference when it lacks any significant contact with the underlying forum. *Symons Corp.*, 954 F. Supp. at 186. The connection between Sitrick's infringement claim and this district lies in the demonstration by FreeHand to the Chicago Lyric Opera and the Chicago Symphony in February, 2002. This Court

4

has already determined that the events surrounding this demonstration were significant enough to confer personal jurisdiction of the Court over FreeHand. Thus, this is not an instance in which the plaintiff's choice of forum has "relatively weak connections with the operative facts giving rise to the claim." *VonHoldt*, 887 F. Supp. at 188 (N.D. Ill. 1995). As these connections between the district and the plaintiff's claim may certainly be classified as greater than "weak," the plaintiff's choice of forum is entitled to its usual substantial deference.

When determining the appropriate weight that should be accorded to the plaintiff's choice of forum, it is also necessary to consider the situs of material events. This claim arises out of the defendant's alleged infringement of the plaintiff's '960 and '168 patents. FreeHand argues that because the product design, development, manufacturing, warehousing, and shipping of the allegedly infringing products have or will take place in California, the situs of the material events is California, not Illinois. (Compl. P 4). However, the material events of a patent infringement case do not revolve around a particular situs. *Medi USA*, 791 F. Supp. at 210. Patent infringement determinations are made by comparing the alleged infringing device with the language of the claims. *See SRI Internat'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985). This determination does not involve any significant location. *Medi USA*, 791 F. Supp. at 210. Therefore, the fact that the allegedly infringing products are or will be designed and produced in California does not weigh heavily in favor of transfer out of the Northern District of Illinois, especially as FreeHand is alleged to have committed infringing activities in this forum as well. FreeHand has not met its considerable burden in proving that transfer out of the plaintiff's chosen forum is warranted.

**ii. Relative Ease of Access to Evidence and Convenience of the Parties**

The Court next considers "the residence of the parties and their ability to bear the expense of trial in a particular forum." *Medi USA*, 791 F. Supp. at 210. The ability or inability of either party to bring relevant documents to court that are not already located within the district "neither militates for or against transfer." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998).

Evidence is readily available in this instance regardless of where it is located. The Court will consider if "practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc.*, 1992 U.S. Dist. LEXIS 14299, 25 U.S.P.Q.2d 1382, 1386 (N.D. Ill 1992) (quoting *Spound v. Action Industries, Inc.*, 369 F. Supp. 1066, 1069 (N.D. Ill. 1974). In the present case, the alleged acts of infringement occurred in both the demonstrations of FreeHand's products in Illinois as well as the sales of its products in California. While FreeHand's place of business has been established as being in Los Altos, California, other courts have pointed out that "all relevant documents will have to be collected, copied, inspected and sent to the offices of trial counsel [in both venues.]" *Coolsavings.com, Inc. v. IQ.Commerce, Inc.*, 53 F. Supp. 2d, 1000, 1006 (N.D. Ill. 1999). Responding to the advances in copying technology and information storage, courts have acknowledged that "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 250-51 (1958)); *see also Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 472-73

(N.D. Ill. 1979) (photocopying technology removes inconvenience despite vast amount of documents located in distant forum). Therefore, this factor is neutral as to the convenience of the respective parties, as each is minimally inconvenienced by the need to obtain documents from the other in another state.

While not an overriding factor, the parties' relative financial ability to undertake a trial in any particular forum is a relevant consideration in determining the convenience of the parties. Sitrick argues that FreeHand is a corporate entity with venture capital backing, while Sitrick is an independent inventor with no financial backing, and thus, Sitrick is entitled to his choice of forum as the party with the greater financial burden in litigating out-of-state. In opposition to the assertion that Sitrick would be financially disadvantaged to conduct litigation in the Northern District of California, FreeHand contends that Sitrick has demonstrated a willingness and capacity to maintain multiple patent litigations at the same time and in distant jurisdictions, and that this activity weighs in favor of transfer. (Def. Reply P 4-5). Simply because Sitrick has been involved with "sizeable patent infringement actions" in federal courts in California certainly does not bind him to that forum forever. Sitrick has never initiated a lawsuit outside of Illinois; the patent infringement actions to which FreeHand refers have been declaratory judgment actions brought *against* Sitrick in California. FreeHand appears to suggest that because Sitrick has acted to defend these suits, he is willing and capable (and perhaps eager) to maintain multiple and expensive litigation efforts in different jurisdictions.

### iii. Convenience of Witnesses

Addressing the issue of the convenience of potential witnesses involves not only a consideration of the number of witnesses located in or near the respective forums, but focuses on

7

the nature and quality of their testimony in relationship to the issues of the case. *Midwest Precision Services v. PTM Indus.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). With respect to the convenience of the witnesses in this action, FreeHand asserts that they have four officers, eight current independent contractors, and three former independent contractors; fourteen out of the fifteen total prospective witnesses are located in California (Def. Reply P 3). FreeHand does concede that it is unlikely that each of these fifteen persons would be called upon to testify at trial, but asserts that "at least several" will be needed (*Id.*). FreeHand has not specifically identified what these witnesses would testify to. Sitrick has not identified his potential witnesses at this point in the litigation, but as he does not seek to transfer the case, this is not his burden at this time. Without clear identification of either party's witnesses or the substance of their testimony, the remaining convenience issues to consider would be those of expert witnesses for both parties. As patent cases tend to be battles of experts on validity and infringement issues, *Medi USA*, 791 F. Supp. 211, neither California nor Illinois is plainly more convenient than the other in this respect. Expert witnesses may be readily found in any district, so this Court will not give any weight to the parties' ability to obtain potential expert witnesses in either Illinois or California.

## B. Public Factors / Interests of Justice

The interests of justice components of the 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. This consideration embraces "traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). The court must consider certain public interest factors that may warrant transfer: (1) the

8

court's familiarity with applicable law; (2) congestion of the respective dockets and the prospects for an earlier trial; and (3) the relation of the community to the issues in the litigation and the desirability of resolving controversies in their locale. *Berol Corp. v. BIC Corp.*, 2002 U.S. Dist. LEXIS 12932 at *18 (N.D. Ill. July 8, 2002).

### i. The Court's Familiarity With Applicable Law

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Doage v. Board of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Illinois has a strong interest in adjudicating injuries that occur within the state, including patent infringement actions. *Coolsavings.com*, 53 F. Supp. 2d at 1005. As Sitrick is an Illinois citizen, whose injury is alleged to have occurred at least in part within the state, Illinois' stake in the outcome of the case is substantial. This factor weighs in favor of a denial of transfer.

### ii. Congestion of the Respective Dockets

With regard to this factor, the two most relevant statistics in determining speed of litigation are (a) the median months from filing to disposition, and (b) the median months from filing to trial. *Amoco Oil*, 90 F. Supp. 2d at 962. According to the 2001 Annual Report of the Director (Leonidas Ralph Mecham) on Judicial Business of the United States Court, which is the most recent report, the median months from filing to disposition (where there is no court action) in the Northern District of California is 8.1 months, and the median in the Northern District of Illinois is 6.3 months. *See* Table C-5, U.S. District Courts: Median Time Intervals from Filing to Disposition of Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2001, *available at* http://www.uscourts.gov/judbus2001/appendices/c05sep01.pdf. The median time from filing to

trial in California is 24.5 months, and in Illinois it is 25.4 months. *Id.* The fact that there is a higher backlog in the Northern District of California weighs against transfer to that forum.

### iii. Relation of the Community to Issues in the Litigation and the Desirability of Resolving Controversies in Their Locale

Patent infringement is a question of federal law, and both this Court and the Northern District of California are both equally competent to hear and decide upon such matters. While the Illinois court is more familiar with its own substantive laws, courts often decide substantive legal questions based upon another state's laws. *Amoco Oil*, 90 F. Supp. 2d at 962. Further, where the law in question in neither complex nor unsettled, the interests of justice remain neutral between competing courts. *Bodine's*, 494 F. Supp. 1279, 1286-87 (N.D. Ill. 1980). Thus, this issue neither weighs in favor or against the transfer.

Ultimately, as with all cases where the parties reside in different states, one party must bear the inconvenience of litigation in a forum other than its home state. In this instance, the factors analyzed either weigh in Sitrick's favor or are neutral as to the two parties. As Sitrick has chosen this Court as his forum, a forum that is neither unduly inconvenient to FreeHand nor adverse to the interests of justice, the court has concluded that in light of all the facts and circumstances known to this Court this case should proceed in the Northern District of Illinois.

## CONCLUSION

Freehand's motion to transfer venue to the Northern District of California with respect to Sitrick's action against Freehand is denied pursuant to 28 U.S.C. § 1404(a).

SO ORDERED

ENTERED: 3/24/03

IION. RONALD A. GUZMAN
United States Judge