# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1568 | **DATE** | 3/30/2004 |
| **CASE TITLE** | Sitrick vs. Freehand Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Motion for leave to amend the complaint to add Theodore L. Schroeder as a defendant is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 3 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAR 3 1 2004

DAVID H. SITRICK, )
)
Plaintiff, )
) Case No. 02 C 1568
v. )
) Judge Ronald A. Guzmán
FREEHAND SYSTEMS, INC., )
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff David H. Sitrick's Motion for Leave to Amend the Complaint to Add Theodore L. Schroeder as a Defendant [doc. no. 41-1]. For the reasons set forth below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff filed this patent infringement suit against Defendant FreeHand Systems, Inc. ("FreeHand") on March 5, 2002. The complaint alleges that electronic music display systems sold by FreeHand infringe two of Sitrick's patents that cover systems for electronically displaying music scores. FreeHand moved to dismiss for lack of personal jurisdiction on June 6, 2002, and the Court allowed Sitrick to conduct discovery on the issue of jurisdiction alone.[1] The motion to dismiss was denied on October 29, 2002. On November 12, 2002, FreeHand answered the complaint and moved

---

[1] The discovery related to whether FreeHand's marketing efforts in Illinois, including a meeting it had with the Chicago Symphony Orchestra and the Lyric Opera, constituted sufficient minimum contacts with the state.

5/

to transfer the case to the Northern District of California. FreeHand's motion to transfer venue was denied on March 24, 2003.

The parties engaged in settlement discussions in early to mid-2003, and they began the process of merits discovery at around the same time. Due to various disputes, the merits of which the Court need not decide here, FreeHand did not begin to produce documents related to discovery on the merits until June 2003.

On August 12, 2003, one day before the close of discovery, Sitrick took the deposition of Theodore Schroeder, whom FreeHand had designated as its corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Schroeder was Freehand's Vice President of Engineering and a member of its board of directors. The following day, Sitrick took the deposition of Kim Lorz, Freehand's Chief Executive Officer.

According to Sitrick, he discovered in the course of these two depositions that Schroeder exerted substantial control over FreeHand; he was a majority owner of FreeHand and was essentially the only source of FreeHand's funding; after he was informed about the Sitrick patents and FreeHand's alleged infringement thereof, Schroeder determined that FreeHand's systems were not infringing and/or that Sitrick's patent claims would be invalid based on prior art; he was responsible for the development and production of the hardware and software used in the accused systems; and he was in charge of the development of the user's guide for the systems. In addition, Sitrick claims to have learned that Lorz did not have nearly as much control over FreeHand as Schroeder did.

Sitrick now seeks to amend the complaint to add Schroeder as a defendant in the case, alleging that he induced FreeHand to commit infringement, in violation of 35 U.S.C. § 271(b), which provides that: "[W]hoever actively induces infringement of a patent shall be liable as an infringer."

## DISCUSSION

For procedural issues in a patent case that are not unique to patent law, such as a motion to amend, courts are directed to apply the law of the regional circuit. *See Datascope Corp. v. SMEC, Inc.*, 962 F.2d 1043, 1045 (Fed. Cir. 1992). To the extent that analysis of the motion involves substantive patent law, however, the law of the Federal Circuit controls. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000).

Federal Rule of Civil Procedure ("Rule") 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."[2] Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Whether to grant a motion to amend is within the discretion of the trial court, *Foman*, 371 U.S. at 182, and the Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) (citations omitted); *see also Nebraska v. Wyoming*, 515 U.S. 1, 8 (1995) (noting "the solicitude for liberal amendment of pleadings animating" Rule 15(a)).

Courts are instructed that leave to amend should be "freely given" under Rule 15(a) "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on

---

[2] In addition, pursuant to Rule 20: "All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a); *see also* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

3

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *see Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1391 (7th Cir. 1983). Undue prejudice "is the most important factor in determining whether to allow an amendment to a complaint." *Ameritech Mobile Communications, Inc. v. Computer Sys. Solutions, Inc. (In re Ameritech Corp.)*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)); *see also Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) ("[D]elay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party.").

Freehand argues Sitrick's motion for leave to amend should be denied because it was not timely filed, Freehand will be prejudiced if the complaint is amended, and the amendment is futile.

I. **UNDUE DELAY**

Sitrick contends that it was delayed in filing the motion to amend because it was prevented from knowing the facts underlying Schroeder's alleged personal liability until the end of discovery due to FreeHand's dilatory discovery tactics. FreeHand responds that Sitrick knew or should have known about Schroeder's involvement with FreeHand well before the end of merits discovery. *See In re Ameritech*, 188 F.R.D. at 284 ("Where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the amendment will be denied.").

First, Freehand states that Sitrick knew FreeHand was a small start-up company and that Sitrick could have learned Schroeder was a board member because the information was posted on

FreeHand's website. Second, during discovery on the motion to dismiss conducted in August 2002, Sitrick could have inquired further to elicit facts relating to FreeHand's investors and Schroeder's involvement with the company. Furthermore, according to FreeHand, Sitrick knew of Schroeder's existence during jurisdictional discovery because he inquired in a deposition whether Schroeder had attended a meeting in Chicago. Finally, FreeHand states that Sitrick wrongfully waited to file the present motion until over three months after the close of discovery. FreeHand argues that Sitrick strategically waited to file this motion until after FreeHand's opening *Markman* brief in an effort to discredit Schroeder, who had offered a declaration in support of FreeHand's brief.

FreeHand's arguments are unavailing. First, even if Sitrick had knowledge of Schroeder's status as a board member or investor in FreeHand, those facts alone would not have been sufficient to justify a claim for personal liability under Section 271(b), because "'it must be established that the defendant possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute infringement.'" *See Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003) (quoting *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)); *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1412 (Fed. Cir. 1996) (holding that personal liability for inducement "must be supported by personal culpability").

Second, Sitrick could not reasonably have discovered facts relating to Schroeder's personal liability during the August 2002 depositions. This Court granted Sitrick leave to conduct discovery limited to the issue of personal jurisdiction alone. Indeed, when Sitrick's questions ventured away from the issue of jurisdiction, FreeHand's attorney objected and/or directed his client not to answer.

For example, FreeHand's attorney stated during the deposition of Michael Hamilton, who was apparently the CEO of FreeHand at the time:

> [T]he issue that has been raised . . . is . . . whether FreeHand is a fledgling company. And there's a disagreement between counsel as to how far [Sitrick's attorney] is allowed to explore that issue. My concern is that this is a very marginally related issue to the issue of jurisdiction. . . . Whether or not [Sitrick's attorney] is allowed to explore the sources and amounts of funding is one that I am concerned that we are . . . crossing the line between what the court is allowing.

(Hamilton Dep., Pl.'s Reply, Ex. G at 11.)

When Sitrick's attorney offered to hold the information on an "attorneys' eyes only" basis, FreeHand's attorney responded: "I'm just going to instruct him not to answer right now and you can circle around it as much as you want, but the amount of money that they have received from [its equity investor] is not relevant. You're not entitled to it. That's our position." (*Id.* at 13.) FreeHand's attorney also instructed the other jurisdictional deponent, Lorz, not to answer similar lines of questioning. (*See* Lorz Dep., Pl.'s Reply, Ex. H at 9-16.)

While FreeHand's objections may have been proper under the circumstances, it is at the very least disingenuous for FreeHand now to argue that Sitrick has known "[s]ince the inception of this litigation" that FreeHand was a "relatively small," "fledgling, privately held start-up company," and further to fault Sitrick for not inquiring into the merits of his substantive claims at the jurisdictional depositions. Moreover, even if FreeHand were correct that the facts regarding Schroeder's involvement were already known to Sitrick, that argument is "something of a double-edged sword." *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *4 (N.D. Ill. Sept. 2, 1997). Because those facts were also known to FreeHand, "the proposed amendment should hardly catch

6

[Freehand] by surprise, and '[w]here the facts on which a previously unasserted claim is based are all known or available to all parties, no prejudice exists.'" *Id.* (citation omitted). Similarly, the Federal Circuit held there was no prejudice in the context of Rule 15(c)'s "relation back" provision where the identity of interests of the corporate and proposed individual defendant was "virtually complete" such that the individual should have been aware joinder was a possibility, and where the individual defendant conceived and developed the infringing product. *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1304 (Fed. Cir. 1989).

Third, FreeHand provides no support for its contention that three months is *per se* too long to wait to file an amended complaint. Of course, "when extreme, delay itself may be considered prejudicial." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988). FreeHand, however, has not asserted that the three-month delay was "extreme," nor has it shown that granting the motion "would inordinately impede [Freehand's] efforts to prepare a defense or would unjustifiably prolong the litigation." *Serfecz*, 1997 WL 543116, at *3.

Finally, the Court finds no merit in FreeHand's allegation that this motion was strategically delayed in order to discredit Schroeder's declaration in support of FreeHand's *Markman* brief. The case FreeHand cites in support, *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990), is inapposite. In *Cresswell*, the Second Circuit agreed that a plaintiff's delay in filing its motion to amend to assert an additional claim was prejudicial where it was filed more than a month after the plaintiff had responded to a motion for summary judgment. *Id.* at 72. Contrary to FreeHand's argument, *Cresswell* does not hold that "attempting to add parties in response to pleadings that have been filed, by itself is reason sufficient to deny the attempt." (Def.'s Mem. Opp'n at 5.) Moreover,

7

the Court agrees with Sitrick that adding Schroeder as a defendant in this case will not serve to discredit his declaration in support of the *Markman* brief.

## II. UNDUE PREJUDICE

Sitrick has the burden of proving that the amendment will not unduly prejudice FreeHand. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994). An amendment will almost always result in some level of prejudice, so the relevant inquiry is "whether *undue* prejudice will result from amending a complaint." *Grun v. Pneumo Abex Corp.*, No. 90 C 5273, 1993 WL 13411, at *3 (N.D. Ill. Jan. 21, 1993) (citing *Hess v. Gray*, 85 F.R.D. 15, 20 (N.D. Ill. 1979)) (emphasis in original). In determining whether undue prejudice exists, courts must balance each party's interests: "This balancing 'entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.'" *In re Ameritech Corp.*, 188 F.R.D. at 283 (quoting Wright, Miller & Kane, *Fed. Practice & Procedure* § 1487 at 621-23 (1990)).

Sitrick avers that adding Schroeder as a defendant will not unduly prejudice either Schroeder or FreeHand. First, Schroeder is already very involved in the defense of this lawsuit, given that he was FreeHand's Rule 30(b)(6) witness and filed a declaration along with FreeHand's *Markman* brief. Second, Schroeder's and FreeHand's interest in the litigation is the same because Schroeder cannot be liable for inducement unless FreeHand's systems are found to be infringing. In addition, Sitrick argues that it will be prejudiced if Schroeder is not added as a defendant because it appears that

8

FreeHand may not be able to pay a full damage award if Sitrick is successful in proving infringement.

FreeHand responds that it will be prejudiced by the amendment for three reasons: (1) the amendment would prejudice FreeHand's efforts to attract new investors by prolonging the "dark cloud" of litigation and implying that FreeHand is merely Schroeder's alter ego; (2) Schroeder will have a conflict between his personal interests and FreeHand's interests; and (3) the amendment would prolong discovery and litigation.

### A. *FreeHand's Ability to Attract Investors*

FreeHand alleges that the amendment will prejudice its ability to attract additional investors for two reasons. First, litigation hurts the reputation of a small company such as FreeHand in the investment community, and the amendment will prolong the case and thus the length of time the "dark cloud" of litigation will hang over FreeHand. Second, FreeHand claims that if the amendment is allowed, potential investors will consider FreeHand to be the "mere instrumentality" of Schroeder, and Sitrick has not alleged facts demonstrating that the company is in fact Schroeder's alter ego.

First, FreeHand's argument demonstrates a fundamental misunderstanding of the basis of the proposed claim against Schroeder. Section 271(a) provides that a corporate officer or director may be personally liable for the corporation's *direct* infringement if there is "evidence to justify piercing the corporate veil." *Hoover Group*, 84 F.3d at 1412 (internal quotation and citation omitted); *see also Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001) ("In the absence of evidence showing that the parent company either was an alter ego of the subsidiary or controlled the conduct of the subsidiary, we refused to find direct infringement.").

9

In this case, however, Sitrick alleges liability for *inducement* under Section 271(b), which does not require a finding that FreeHand is Schroeder's alter ego. *See Manville Sales*, 917 F.2d at 553 ("Under [Section 271(b)], corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil.") (emphasis in original); *Hoover Group*, 84 F.3d at 1412 (same).

In any event, FreeHand has offered no support for its argument that the impression of potential investors is prejudicial to its ability to defend the litigation. Furthermore, delayed litigation and increased exposure to potential liability are not sufficient for a finding of prejudice. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994); *Serfecz*, 1997 WL 543116, at *6.

### B.    *Conflict of Interest*

FreeHand argues that Schroeder's and Freehand's interests will be in conflict, but it fails to offer a single example of an actual or potential conflict. It merely discusses the difficulty to Schroeder of assisting in his own defense as well as helping Freehand's defense, which does not amount to a conflict of interest at all, let alone a conflict that rises to the level of undue prejudice.

Moreover, the Court does not see how Schroeder's and Freehand's interests would be in conflict. Both parties have an interest in proving the accused devices did not infringe. *See Insituform Techs., Inc. v. CAT Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998) ("Liability for inducement under § 271(b) is dependent on showing that the conduct being induced constitutes direct infringement."). And if infringement is found, Freehand's interests will not conflict with Schroeder's defense against the claim of inducement.

### C. *Need for Additional Discovery and Delayed Litigation*

FreeHand claims that it will be prejudiced due to the need for additional discovery and further delay in litigation. FreeHand argues that because Schroeder now has personal exposure, he "will likely insist" on additional discovery, including depositions that FreeHand "will then have to attend," thus prolonging the litigation and increasing FreeHand's legal fees. FreeHand, however, gives no examples of additional discovery that "will likely" be taken by Schroeder, and it is far from apparent that any more discovery will be necessary.[3] Sitrick has not indicated that he will require additional discovery on the new claim. The new claim is closely aligned factually with the original infringement claim. Discovery on infringement has already been completed, and the only element added by the proposed amendment is Schroeder's personal involvement in the alleged infringement, the facts of which should be known to Schroeder.

Moreover, even if some additional discovery must be taken, FreeHand has not given the Court any reason to believe it would be so prejudicial to FreeHand that the amendment should be denied. *See Serfecz*, 1997 WL 543116, at *5 ("The inconvenience created by . . . minimal discovery is insufficient to deny [plaintiff's] request for leave to amend."); *Grun*, 1993 WL 13411, at *3 (noting that "any prejudice to the defendants can be controlled by imposing limitations on the parties' ability to conduct additional discovery"). In sum, FreeHand has failed to support its claims

---

[3] FreeHand contends that Sitrick's deposition will have to be retaken because it cannot be used against Schroeder pursuant to Rule 32(a), which provides that a deposition "may [only] be used against any party who was present or represented at the taking of the deposition . . . ." Fed. R. Civ. P. 32(a). FreeHand's concern is misplaced, because there is no reason to believe that Sitrick's deposition will be used against any party in this case. Sitrick represents that he will be able to testify at trial, and if his testimony is ever needed in support of a motion, he will provide a new statement in the form of an affidavit.

11

of undue prejudice, and the balance therefore tips in favor of allowing Sitrick to "test his claim on the merits." *See Grun*, 1993 WL 13411, at *3.

## III. FUTILITY

Next, FreeHand argues that Schroeder's review of the patents in suit was performed as a corporate employee and does not prove inducement. In addition, FreeHand asserts that it relied on its attorney's advice to show that the alleged infringement was not willful. While it is not labeled as such, FreeHand is apparently claiming that the proposed amendment is futile.

FreeHand's arguments, however, relate to the factual bases of Sitrick's claims and FreeHand's affirmative defenses, which are beyond the scope of the present motion. The only issue here is whether Sitrick's claim against Schroeder is futile, *i.e.*, it would not survive a motion to dismiss pursuant to Rule 12(b)(6). *See Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002). FreeHand does not argue that the proposed amendment fails to state a claim, and the Court finds that the inducement claim was sufficiently pleaded to survive a motion to dismiss.

To prove infringement under Section 271(b), "[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts *and* that he knew or should have known his actions would induce actual infringements." *Manville Sales*, 917 F.2d at 553 (emphasis in original); *see Minn. Mining & Mfg.*, 303 F.3d at 1305; *see also Insituform*, 161 F.3d at 695 (holding that "the inducer must have actual or constructive knowledge of the patent"). Inducement requires proof of "*active steps knowingly taken* – knowingly at least in the sense of purposeful, intentional as distinguished from accidental or inadvertent. But with that qualifying approach, the term is as broad as the range of actions by which one in fact causes, or urges, or encourages, or aids another to

12

infringe a patent." *Tegal Corp.*, 248 F.3d at 1378-79 (internal quotation and citation omitted) (emphasis in original); *see also Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed. Cir. 1985) (noting that statutory history "suggest[s] a 'broad' reading of § 271(b)").

Liability for inducement has been found where the individual defendants "were directly responsible for the design and production of the infringing [product] and ... they were the only ones who stood to benefit from sales of [the product]," *see Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986); where the defendant supplied infringing products to customers with instructions that, if followed, would lead to infringement, *see Minn. Mining & Mfg.*, 303 F.3d at 1304-05; or where the defendant exerted personal control over the manufacture of infringing products, *see Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996).

In this case, the proposed amended complaint sufficiently alleges that Schroeder had actual knowledge of the patents in suit; he actively induced infringement through design, production, and control over the manufacture of the accused devices; and he knew his actions would induce infringement. The proposed claim would therefore survive a motion to dismiss under Rule 12(b)(6) and is not clearly futile.

## CONCLUSION

For the reasons set forth above, Plaintiff David H. Sitrick's Motion for Leave to Amend the Complaint to Add Theodore L. Schroeder as a Defendant [doc. no. 41-1] is granted.

SO ORDERED.  ENTERED: *[signature]*
Ronald A. Guzmán
United States Judge