# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1568 | **DATE** | 9/24/2004 |
| **CASE TITLE** | DAVID H. SITRICK vs. FREEHAND SYSTEMS, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendant Theodore L. Schroeder's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction [doc. no. 59-1] is granted. Theodore L. Schroeder is hereby dismissed from this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 7 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
SEP 27 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID H. SITRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Judge Ronald A. Guzmán |
| v. | ) |
| | ) 02 C 1568 |
| | ) |
| FREEHAND SYSTEMS, INC., and | ) |
| THEODORE L. SCHROEDER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Theodore L. Schroeder's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction. For the reasons set forth below, Schroeder's motion is granted.

## BACKGROUND

Plaintiff filed this patent infringement suit against Defendant FreeHand Systems, Inc. ("FreeHand") on March 5, 2002. The original complaint alleged that electronic music display systems sold by FreeHand infringe two of Sitrick's patents that cover systems for electronically displaying music scores. This Court denied FreeHand's motion to dismiss for lack of personal jurisdiction, finding that FreeHand's marketing efforts in Illinois, including a meeting it had with the Chicago Symphony Orchestra and the Lyric Opera, constituted sufficient minimum contacts with the state. *See Sitrick v. FreeHand Sys., Inc.*, No. 02 C 1568, 2002 WL 31443128, at *3-5 (N.D. Ill. Oct. 30, 2002) (*Sitrick I*). On November 12, 2002, FreeHand filed an answer and a motion to

transfer the case to the Northern District of California, which was denied on March 24, 2003. Sitrick later moved to amend the complaint to add claims against Schroeder for inducing infringement in violation of 35 U.S.C. § 271(b). Sitrick alleged that Schroeder induced FreeHand to infringe its patents by: (1) developing and producing the hardware and software used in the accused systems; (2) developing the user's guide for the systems; and (3) determining that FreeHand's systems were not infringing and/or that Sitrick's patent claims would be invalid based on prior art after being informed about the Sitrick patents and FreeHand's alleged infringement thereof. *See Sitrick v. FreeHand Sys., Inc.*, No. 02 C 1568, 2004 WL 725306, at *1 (N.D. Ill. Mar. 31, 2004) (*Sitrick II*). The Court granted Plaintiff's motion to amend, finding that there was no undue delay or prejudice and that the proposed amendment was not clearly futile. *See id.* at *3-7.

## DISCUSSION

Schroeder brings this motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Once a defendant has moved to dismiss for lack of personal jurisdiction, the "plaintiff bears the burden of establishing that the Court may exercise personal jurisdiction over the defendant[]." *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 ("'[T]he burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute.'") (quoting *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983)). The law of the Federal Circuit governs the issue of personal jurisdiction in this patent case. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002); *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

The Federal Circuit has explained that before exercising personal jurisdiction over a defendant, "the court must determine whether an applicable statute potentially confers jurisdiction by authorizing service of process on the defendant, and whether the exercise of jurisdiction would satisfy the requirements of due process." *Deprenyl*, 297 F.3d at 1349. The Illinois long-arm statute confers jurisdiction over causes of action arising from several enumerated acts as well as "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILL. COMP. STAT. 5/2-209(a), (c); *see Deprenyl*, 297 F.3d at 1349 (noting that Federal Rule of Civil Procedure 4(k)(1)(A) "allows a plaintiff to rely on the state long arm statute . . . to obtain statutory authorization for the exercise of personal jurisdiction"). Thus, the Illinois long arm statute reaches any defendant that due process will allow, and "the two-step inquiry folds into one: whether an exercise of personal jurisdiction over [the defendant] would offend [d]ue [p]rocess." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998).

The due process inquiry has two parts. First, the defendant must have "purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted). Second, the exercise of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). A plaintiff may establish either general jurisdiction through "contact[s] of a 'continuous and systematic' nature," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), or specific jurisdiction if the cause of action relates to or arises out of the defendant's contacts with the forum, *see Burger King*, 471 U.S. at 472. Plaintiff claims this Court has both general and specific jurisdiction over Schroeder.

3

1. **General Jurisdiction**

The pleadings and affidavits reveal the following facts, which the Court may consider in determining whether Plaintiff has met its burden of establishing a *prima facie* case of personal jurisdiction. *See Purdue Research Found.*, 338 F.3d at 782 (citing *Nelson*, 717 F.2d at 1123) (explaining that any factual disputes must be resolved in the plaintiff's favor).

Schroeder is a California resident who does not own or rent property in Illinois and has no Illinois bank accounts. He is a passive limited partner/investor in a real estate fund that owns property in Illinois and other states. Schroeder is the Vice President of Engineering of FreeHand, a Nevada corporation with its principal place of business in California. He is also a part owner of FreeHand.[1] Schroeder did not personally participate in FreeHand's demonstrations of the accused products to the Chicago Symphony Orchestra and the Lyric Opera, and he has not participated in any other demonstrations of FreeHand's products in Illinois. Schroeder has not solicited sales of the accused products in Illinois.

Schroeder has traveled to Illinois on four occasions in the last ten years: two visits were to see family members, one was to present a one-day seminar on behalf of a former employer, and the last was to attend an informal settlement conference in this case. While he was in Illinois for the settlement conference, Schroeder also met with employees of an investment banking firm to whom FreeHand was looking for additional financing. Schroeder has not otherwise appeared in Illinois in relation to this litigation.

---

[1] The parties argue at length about the extent of Schroeder's investment in FreeHand, but the Court need not resolve that issue to decide the merits of the present motion.

Plaintiff does not claim that Schroeder's limited travels to Illinois and his investment in an unrelated real estate fund are sufficient to confer general jurisdiction, and it is clear that they are not. *See Burger King*, 471 U.S. at 475 (holding that a defendant should "not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts"). Plaintiff instead argues that general jurisdiction lies because Schroeder's alleged acts of inducement caused a "continuous" injury, citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994). However, as Schroeder correctly points out, Plaintiff misreads the holding in *Beverly Hills Fan*. That case did not find that an act of inducement, by itself, constitutes continuous and systematic contacts for purposes of determining general jurisdiction. To the contrary, it held that in a case involving a continuous tort, forum contacts occurring after the cause of action arose may be relevant to the *specific* jurisdiction inquiry. *Id.* (contrasting cases in which forum contacts after the tort was committed had no relation to the cause of action). Therefore, Plaintiff has failed to demonstrate continuous and systematic contacts between Schroeder and Illinois that would subject him to general jurisdiction in this state.

2.  **Specific Jurisdiction**

The Federal Circuit, in *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), "outlined a three-prong minimum contacts test for determining if specific jurisdiction existed: (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998) (citing *Akro*, 45 F.3d at 1545-46) (commenting that the Federal Circuit has "followed this test consistently"); *see also Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) ("'[I]t

is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'").

Plaintiff alleges that the following activities confer specific jurisdiction: (1) Schroeder met with Illinois investment bankers to obtain financing for FreeHand; and (2) he induced FreeHand to infringe Plaintiff's patent. First, Schroeder's meeting with possible financial backers does not satisfy the second prong of the *Akro* test because the claim of inducement did not arise from that activity. The meeting occurred several months after this lawsuit was filed, and it was not related to Schroeder's alleged inducement to infringe. Therefore, the Court need not address Schroeder's argument that the fiduciary shield doctrine prevents the finding of jurisdiction based on this contact. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 750 F. Supp. 330, 334 (N.D. Ill. 1990) (Easterbrook, J., sitting by designation) (explaining that under the Illinois fiduciary shield doctrine, "persons who act only in a representative capacity do not expose themselves to personal jurisdiction").

Second, Schroeder's alleged acts of inducement were not purposefully directed at Illinois or its residents and thus fail to demonstrate specific jurisdiction under the first *Akro* prong. Plaintiff relies on *Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137 (7th Cir. 1975), which stated that "induced infringement . . . is a tortious act committed within the state of Illinois." *Id.* at 1142. However, *Honeywell* did not dispense with the requirement that the defendant must purposefully direct its activities to the forum state. To the contrary, the evidence in *Honeywell* demonstrated that the defendant "purposely" promoted sales in Illinois and "ensured that such infringement would take place." *Id.* at 1142, 1144 (explaining that "it can hardly be said that [the defendant's] alleged

6

involvement in the events related to this case was passive in nature"); *see also Beverly Hills Fan*, 21 F.3d at 1567 (emphasizing "the intentional nature of the foreign defendant['s] conduct" in *Honeywell*).

Unlike the "making" or "using" of an accused article, the act of inducing infringement is "conceptual," rather than "purely physical" in nature. *See N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579 (Fed. Cir. 1994). But while the situs of inducement is not easily determined, the fact that the accused product was sold or offered for sale in the forum state alone is not dispositive. Cases finding specific jurisdiction for inducement have turned on whether the defendants *intended* infringement to occur inside the forum, not merely whether infringement ultimately did occur there. *See Beverly Hills Fan*, 21 F.3d at 1566-68; *Honeywell*, 509 F.2d at 1142, 1144.

Plaintiff cites the following excerpt from Schroeder's deposition to show that Schroeder's acts of inducement were "personal and purposeful":

> Q: So you did some sort of review of the patent to determine if you thought . . . .
>
> A: I looked at several of the claims. I went through the abstract and all these little diagrams and stuff, and from the best of my knowledge at that time, I though[t] that either the – that the claims had to be interpreted narrowly enough that it didn't apply to [FreeHand], or there was prior art that would invalidate any of those claims if they were interpreted more broadly.

(Pl.'s Resp. Def.'s Mot. Dismiss at 9.)

Even if the Court were to agree with Plaintiff's strained characterization of Schroeder's testimony, the fact that the alleged inducement was purposeful would not demonstrate that the

7

inducement was purposefully directed to Illinois residents. The allegations of inducement include Schroeder's design of the product and his opinion that the product did not infringe Sitrick's patents.[2] These acts occurred in California, and Plaintiff has not demonstrated that they were directed to Illinois more than to any other state where the accused product is sold. Plaintiff does not allege that Schroeder even had knowledge of FreeHand's efforts to market the accused device in Illinois, let alone the purposeful intent to enter the Illinois forum.

Furthermore, Plaintiff's argument that Schroeder's inducement is continuing in Illinois because infringement is still occurring in the state conflates the allegations against Schroeder with those against FreeHand. The acts of infringement allegedly committed by FreeHand are not the same as the acts allegedly committed by Schroeder. Indeed, Plaintiff has repeatedly argued that he does not seek to reach Schroeder indirectly on a theory of piercing the corporate veil but rather directly for his acts of inducing infringement separate and apart from the claims against FreeHand. The determinative issue is therefore whether Schroeder's own acts were directed to Illinois, and the acts of his co-defendant are irrelevant in this context. *See Burger King*, 471 U.S. at 475 ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.") (emphasis in original).

Plaintiff has failed to show that Schroeder had sufficient minimum contacts with Illinois to demonstrate a *prima facie* case of either general or specific jurisdiction. Accordingly, it would offend traditional notions of fair play and substantial justice to hale Schroeder into court in Illinois. *See Int'l Shoe*, 326 U.S. at 316.

---

[2] Schroeder denies that he designed the accused products and that FreeHand or anyone else relied on his opinion that the products were not infringing. However, as stated above, the Court must resolve all disputed facts in Plaintiff's favor.

## CONCLUSION

For the foregoing reasons, Defendant Theodore L. Schroeder's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction [doc. no. 59-1] is granted. Theodore L. Schroeder is hereby dismissed from this action.

SO ORDERED.            ENTERED: 9/24/04

Ronald A. Guzmán
United States Judge