IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID H. SITRICK, ) | |
| ) | |
| ) | |
| Plaintiff, ) | No. 02 C 1568 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| FREEHAND SYSTEMS, INC. and ) | |
| THEODORE L. SCHROEDER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In January 2005, this patent infringement suit was dismissed with prejudice pursuant to the parties' stipulation. Plaintiff now seeks to have the Court amend that dismissal order. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

### Background

On March 4, 2002, plaintiff filed a patent infringement suit against defendants. In December 2004, the parties reached a settlement in which plaintiff gave Freehand a limited license in exchange for royalty payments.

On January 4, 2005, the parties filed a stipulation of dismissal, which reads: "The parties hereto, having reached a settlement of the disputes underlying this action, hereby dismiss this action with prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, with each party to bear his or its own costs and attorney's fees." (Defs.' Opp'n Pl.'s Mot. Order Court's Expressly Retained Ongoing Jurisdiction, Ex. A, 1/4/05 Stipulation & Order of Dismissal.)

Two days later, on January 6, 2005, the Court entered a dismissal order that says:

> Pursuant to parties' stipulation to dismiss, th[is] action is dismissed with prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, with each party to bear his or its own costs and attorney's fees. Defendant Theodore L. Schroeder hereby expressly withdraws his bill of costs filed on 10/27/04, and hereby expressly waives any right to receive costs in this action. The Court retains jurisdiction to enforce any settlement agreement. Any pending motions or schedules are stricken as moot. [T]erminating case.

(1/6/05 Min. Order.)

## Discussion

In his motion, plaintiff asks the Court to amend its January 6, 2005 dismissal order to incorporate the terms of the parties' settlement. The Court's dismissal order, however, was not entered until after the parties had filed an unconditional stipulation to dismiss pursuant to Rule 41(a)(1). Once filed, that unconditional stipulation "terminate[d] federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985); *see Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987) (stating that "a dismissal under Rule 41(a)(1)(i) strips a court of jurisdiction" and "terminates the case all by itself" (internal quotation marks omitted)). Because the dismissal order entered by the Court after the parties filed their stipulation was "a nullity," *McCall-Bey*, 777 F.2d at 1185, the only order the Court can amend is the stipulation.

Moreover, contrary to plaintiff's assertion, the Seventh Circuit's decision in *Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634 (7th Cir. 2006) provides no basis for doing so. In that case, the parties settled their dispute and thereafter moved the court for an order of

2

dismissal under Rule 41(a)(1). *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, No. 99 C 6679, 5/23/00 Min. Order (granting "[s]tipulated motion for dismissal with prejudice"), *available at*, https://ecf.ilnd.circ7.dcn/cgi-bin/ShowIndex.pl. The court granted the motion in an order that said: "This court shall retain jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement." *Id.* The terms of the agreement were not, however, set forth in the order. *Id.*

Four years later, plaintiff returned to the court seeking enforcement of the settlement agreement. *Blue Cross*, 467 F.3d at 636. The court sought to invoke ancillary jurisdiction to enforce the agreement. *Id.* To do so, the Court attempted to amend its dismissal order to comport with *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2006), which holds that a court has ancillary jurisdiction to enforce a settlement agreement only if its dismissal order sets forth the terms of the agreement. *Blue Cross*, 467 F.3d at 636. Consequently, the Court entered an amended order pursuant to Rule 60(a) that said:

> Nunc pro tunc 5/23/2000, the stipulated motion for dismissal with prejudice, pursuant to FRCP 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. The parties are directed to comply with the terms of the settlement agreement, which is hereby incorporated into the judgment. The Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement.

*Id.* (quotation omitted). Thereafter, American Express appealed.

The Seventh Circuit said that the amended order, which still did not incorporate the settlement's terms, did not comport with *Lynch*, was not an enforceable injunction under Rule 65(d) and, in any event, was improper under Rule 60. *Id.* at 636-38. Nonetheless, the appellate court said, the trial court still had jurisdiction to enforce the agreement because the requirements for diversity jurisdiction were met. *Id.* at 638.

3

*Blue Cross* provides no support for plaintiff's argument that the Court can amend the dismissal order without resort to Rule 60. An amendment of a final order, which is all that plaintiff requests, is governed by Rule 60 – a fact reaffirmed, not changed, by *Blue Cross*. *See id.* at 636-38. Thus, the Court can amend the stipulated dismissal order: (1) at any time, to correct a clerical error; (2) within one year, on the grounds of mistake, excusable neglect, surprise, newly discovered evidence or fraud; or (3) within a reasonable time, if the judgment is void or has been satisfied or there is "any other reason justifying relief" from the order. Fed. R. Civ. P. 60. Plaintiff has not demonstrated that his request falls into any of these categories. His motion to amend is, therefore, denied.

## Conclusion

For the reasons stated above, plaintiff's motion to amend the parties' dismissal order [doc. no. 93] is denied.

**SO ORDERED.**  ENTERED: 8/3/07

HON. RONALD A. GUZMAN
United States District Judge

4